another immediately adjoining; and Nickisch thereby became the equitable owner of both lots, which he united into one piece of land; Schmitt and Ahr retaining the legal title in trust as security for the purchase money. The owners allowed Nickisch to take possession, whereupon he commenced to build a house across the two lots; and Schmitt and Ahr consented thereto, and further consented that the plaintiff might furnish material to aid in the construction of such a building, whereupon the plaintiff furnished such material to the amount of $1.009.90. The plaintiff subsequently filed a mechanic's lien under Laws 1897, c. 418, for the amount due, and the present suit is in equity to foreclose the same. The equitable title to both lots having vested in Nickisch together with possession, and the material having gone into the improvement of both lots as one piece of land, the right to file a lien attached thereto; it being impossible, by reason of the acts of the defendants, to distinguish the amount going into each separately. See Deegan v. Kilpatrick, 54 App. Div. 371, 66 N. Y. Supp. 628; Hall v. Sheehan, 69 N. Y. 618; Mandeville v. Read, 13 Abb. Prac. 173; McAuley v. Meldrum, 1 Daly, 400; Moran v. Chase, 52 N. Y. 346; Choteau v. Thompson, 2 Ohio St. 124. The assent of the two owners that Nickisch might use the lots as one piece of land, by constructing one building across both, and that the plaintiff might furnish material towards the erection of such a structure, sufficiently charges the property with the plaintiff's demand. Otis v. Dodd, 90 N. Y. 336; Schmalz v. Mead, 125 N. Y. 128, 26 N. E. 251; Cowen v. Paddock, 137 N. Y. 188, 33 N. E. 154; Paper Co. v. Sire, 163 N. Y. 122, 57 N. E. 293; Mosher v. Lewis, 14 App. Div. 565, 43 N. Y. Supp. 1052; Ross v. Simon (Com. Pl.) 9 N. Y. Supp. 536.

There was, therefore, no misjoinder in making said two owners parties, and, as the complaint sets forth a good equitable cause of action against all of the defendants to foreclose a lien, the plaintiff is entitled to judgment on the separate demurrers interposed, with leave, however, to said owners to withdraw said demurrers and answer over on payment within 10 days of $20 costs, the trial fee of an issue of law.

---

### NEW JERSEY ADAMANT MFG. CO. v. BARTH.

(Supreme Court, Appellate Term. January 2, 1901.)

TROVER AND CONVERSION—VALUE OF PROPERTY—PROOF—NECESSITY.
   Where, in an action for converting lumber, all the amount claimed was not converted, and there was no evidence of the value of the part converted, a judgment for plaintiff will be reversed.

Appeal from municipal court, borough of Manhattan, Tenth district.

Action by the New Jersey Adamant Manufacturing Company against John C. Barth. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before TRUAX, P. J., and SCOTT and DUGRO, JJ.

Lippmann & Ruck, for appellant.
Phillips & Avery, for respondent.

PER CURIAM. As it did not appear that all of the boards were converted, and as there was no evidence of the number or value of the boards converted, the judgment is reversed, and a new trial is ordered, with costs to appellant to abide the event.